No. 22,234.

OWEN PAXTON, *Appellee,* v. O. C. CLINE, *Appellant.*

### SYLLABUS BY THE COURT.

PARTNERSHIP—*Accounting—Findings Sustained by Law and Evidence.* The proceedings examined, and *held,* the material findings of fact are sustained by law and by sufficient competent evidence.

Appeal from Sheridan district court; CHARLES I. SPARKS, judge. Opinion filed February 12, 1921. Affirmed.

*C. L. Thompson,* of Hoxie, *R. W. Blair,* and *T. M. Lillard,* both of Topeka, for the appellant.

*L. C. Uhl, L. C. Uhl, jr.,* both of Smith Center, and *E. R. Sloan,* of Holton, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for an accounting between partners, after dissolution. The plaintiff recovered, and the defendant appeals. The district court made findings of fact, and the chief assignments of error are that controlling findings are not sustained by sufficient competent evidence and are contrary to law.

The partnership was formed to deal in hardware, implements and furniture. Automobiles were added later. The terms of the partnership and the contributions of each part-

Paxton v. Cline.

ner were established, the assets of the firm at the time of dissolution were accounted for, and an account of what Paxton had received from the business was stated. Cline used partnership money to support himself and family, and he purchased a house with partnership money. Paxton claimed Cline had taken out much more money.

Paxton was a farmer, who did not know his exact age. When he went to town to engage in merchandising, he carried several hundred dollars in currency about with him in his pocket for a while. In his answer Cline said Paxton was unfit to keep books, and that all of the management and most of the work incident to the business devolved on Cline. The evidence fully established the fact that Cline was manager of the firm business. He did the buying, or most of it. He kept the books. Although Paxton made some entries in the books, Cline was the firm bookkeeper. Cline had charge of the partnership funds. He wrote all checks, and even did Paxton's personal business, writing Paxton's checks on Paxton's personal bank account.

The abstracts do not definitely trace possession of the firm account books. Some of them came into the hands of a receiver appointed in the action. In the midst of the trial Cline disclosed the fact that one ledger was in possession of his son, where Cline had left it. He had not turned it over to the receiver. When that ledger was brought in, the court had before it four nonconsecutive daybooks, covering about two-thirds of the partnership term, and the firm ledgers. These were all the account books which were obtainable by the plaintiff and by the court. Cline testified that cash sales were not recorded on either daybooks or ledgers. Some cash-sales items found their way there, but no books showing cash sales were kept. At the beginning of the business an account of cash sales was kept, but the practice was soon abandoned, and only credit sales were recorded. Cline contends in this court that the books show cash sales aggregating thousands of dollars; but with the books before him, and with his attention directed specifically to daybooks and to ledgers, he told the district court, not once but many times, that they contained none but credit sales, aside from the vagrant items referred to.

In the absence of better evidence, nonexistent because of

Cline's methods of management and bookkeeping, Paxton proved by Cline himself the comparative proportion of sales which were for cash. Paxton also proved by Cline the net profits on all business done, both for cash and on credit. Some of the books showing credit sales being missing, total credit sales were computed from the books in evidence, for periods of the firm business proved to be representative. From data supplied by Cline's books and Cline's testimony, the court found the net profits of the business. Under the circumstances, the method pursued was entirely proper, and the plaintiff fully sustained the burden of proof resting upon him.

Some of the findings are inaccurately phrased, but without effect on the result. The finding relating to how Paxton lived is an example. Cline and his family, numbering sometimes five and sometimes six persons, lived, as Paxton said, "out of the till," and for several years Paxton lived with them. For a time Cline kept an account of money spent for living expenses, but the account was discontinued. Cline testified that profits were to be divided equally, and so, in fairness to Cline, the court charged Paxton with the value of board and room rent supplied by Cline.

There is nothing else in the case which merits discussion. The findings of fact are sufficiently sustained by the law and by the evidence, and the judgment of the district court is affirmed.